# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 DASHARRA L. LEUELU**
**United States Army, Appellant**

ARMY 20170481

Headquarters, I Corps and Joint Base Lewis-McChord
Timothy Hayes, Jr., Military Judge
Colonel Steven C. Henricks, Staff Judge Advocate

For Appellant:  Major Todd W. Simpson, JA; Captain Matthew D. Bernstein, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 15.4, no response filed.

23 May 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A special court-martial composed of a military judge sitting alone, convicted appellant, pursuant to her pleas, of one specification of failing to repair, two specifications of absence without leave, one specification of violating an order to take a urinalysis test, one specification of wrongful use of controlled substances, and one specification of larceny, in violation of Articles 86, 92, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a, and 921 (2016) [UCMJ].  The military judge sentenced appellant to be discharged from the Army with a bad-conduct discharge, to be confined for 150 days, to forfeit $1,000 per month for five months, and to be reduced to the grade of E-1.  The convening authority approved the sentence as adjudged.

Appellant submitted this case on its merits.  In conducting our review under Article 66(c), UCMJ, we find one matter which requires relief.  Our concern stems from how the government elected to charge the larceny specification.

## BACKGROUND

While at Fort Sam Houston, Texas, appellant copied information from her bunkmate's debit card. The debit card had been issued by Bank of America. In early December 2016, over a period of 10 days, appellant used that debit card information to commit twelve separate fraudulent transactions.

The fraudulent transactions included: (1) $10.89 to Spotify; (2) $9.00 to Priceline.com; (3) $267.70 to American Norwalk; (4) $373.60 to Frontier Denver (airline tickets); (5) $13.25 to iTunes.com; (6) $396.34 to NFLshop.com (retail); (7) $4.98 to Boingo Wireless; (8) $29.95 to Boingo Wireless; (9) $47.97 to Spaghetti (retail); (10) $60 to Frontier Denver (baggage fees); (11) a $440.99 cash transfer "to Western Union;" and (12) a $1,200 transfer to appellant's own bank account.

## LAW AND ANALYSIS

The twelve transactions represent thefts of services (e.g. Spotify, Priceline.com, and baggage fees); thefts of goods (e.g. retail items from NFLshop.com); and thefts of currency. However, contrary to the guidance contained in the *Manual for Courts-Martial*, *United States* (2016 ed.) [*MCM*], pt. IV, ¶ 46.c.(1)(i)(vi), the government charged all the thefts as thefts of "currency," of a value greater than $500, on divers occasions, from Bank of America.

The charging decision created two problems. First, of the twelve transactions, only one was of a value greater than $500. That is, appellant only stole something worth over $500 (whether it be a service, a good, or cash) once, not on "divers occasions." Second, of the twelve transactions, only two were thefts of currency, and in only one of those did appellant clearly obtain something from Bank of America.[1]

---

[1] The stipulation of fact states that appellant transferred $440.99 "to Western Union," as a "cash transfer." The record does not adequately show appellant obtained this $440.99 *from* Bank of America and not *from* Western Union. "Wrongfully engaging in a credit, debit, or electronic transaction to obtain goods or money is an obtaining-type larceny by false pretense . . . . Such use to obtain money or a negotiable instrument . . . is usually a larceny of money from the entity presenting the money or a negotiable instrument." *MCM* pt. IV, ¶ 46.c.(1)(i)(vi). *See also United States v. Williams*, 75 M.J. 129, 132 (C.A.A.F. 2016). The facts of the record before us are too scant to determine that the usual rule does not apply and that appellant obtained $440.99 *from* Bank of America and not *from* Western Union.

LEUELU—ARMY 20170481

The parties appeared to view each theft as a theft of money from the account associated with the debit card. Thus, when the accused charged $10.89 to the account for "Spotify" (presumably for a music service), the parties viewed this as a theft of currency from Bank of America, not as a theft of services from Spotify. Under this rubric, thefts of services (normally punished under Article 134, UCMJ) were converted into thefts of currency (punishable under Article 121, UCMJ) and the charge misidentified the parties from whom the objects of the thefts were obtained.

To be sure, the government's charging decision worked markedly in appellant's favor. Instead of twelve theft specifications, she faced only one. To get the benefit of the deal, appellant even stipulated that "Bank of America had ownership over the property that the accused took." However, we find the stipulation to cause more problems than it solves. Bank of America never had ownership of the goods appellant took (the plane ticket, the NFLshop retail items, etc.) let alone the services. With the exception of the $1,200 transfer to the appellant's bank account, appellant did not "obtain" currency from Bank of America. *See United States v. Simpson*, 77 M.J. 279, 282-83 (C.A.A.F. 2017); *United States v. Williams*, 75 M.J. 129, 132 (C.A.A.F. 2016).

Without needing to resolve specifically whether the issue here is a partial failure to state an offense, a violation of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), or both, we find appellant's admissions during the *Care* inquiry and the stipulation of fact are consistent with the charged offense only to the extent that we will approve a guilty finding to larceny of currency more than $500 on one occasion. *See* UCMJ, art. 66(c).

**CONCLUSION**

The court affirms only so much of the finding of guilty of The Specification of Charge I as finds appellant did, at or near Fort Sam Houston, Texas, on or about 12 December 2016, steal currency, of a value greater than $500.00, the property of Bank of America. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that, based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

3

LEUELU—ARMY 20170481

Senior Judge MULLIGAN and Judge FEBBO concur.



FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court